**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5692

LLOYD OSCAR TEESATESKIE, SR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-95-8)

Submitted: June 18, 1996

Decided: July 1, 1996

Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarke K. Wittstruck, Asheville, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Jerry W. Miller, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lloyd Teesateskie entered a guilty plea to one count of second degree murder. He appeals his sentence. Teesateskie claims that the district court erred in denying him a 3-level adjustment for acceptance of responsibility under United States Sentencing Commission, Guidelines Manual, § 3E1.1(b) (Nov. 1994). Finding that the district court did not clearly err in making its sentencing determination, we affirm.

On New Year's Eve of 1994, Lloyd Teesateskie and his wife had a party. At approximately 2:00 a.m. on New Year's Day, January 1, 1995, Teesateskie's wife and Teesateskie's brother approached Teesateskie, who was sitting in his car on the Cherokee Indian Reservation. Teesateskie and his wife got into an argument. Teesateskie became agitated, grabbed a handgun, and got out of his car. Teesateskie brought the gun up and fired over his brother's shoulder. The bullet struck Teesateskie's wife between the eyes, killing her instantly.

Teesateskie was later arrested. In explaining to the authorities what happened, Teesateskie stated that he fired the gun once, straight up into the air and that he had no idea how his wife had been shot directly between the eyes. Teesateskie later told a similar story to the FBI; stating that he fired the gun straight up in the air. Teesateskie stated further that his brother was never outside the house and that the gun discharged a second time when Teesateskie's sons wrestled Teesateskie to the ground after the shooting. Teesateskie, again, claimed that he had no idea how his wife was shot.

Teesateskie was charged with first degree murder and illegal use of a firearm. During the course of jury selection, Teesateskie agreed to plead guilty to second degree murder. As part of the plea agreement, the firearms charge was dropped. The district court accepted the plea. At sentencing, Teesateskie sought a three-point acceptance of responsibility reduction under USSG § 3E1.1(b), rather than the two-point reduction recommended in the presentence report. The government objected to the additional point reduction, claiming that Teesateskie was only entitled to a two-point reduction because he had not

2

timely provided complete information regarding his offense involvement and he had not timely shown his intention to plead guilty. The district court agreed and denied the additional point reduction.

When the issue is primarily a factual one, as here, this Court applies a clearly erroneous standard of review. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In addition, the sentencing court's determination regarding a reduction for acceptance of responsibility is entitled to great deference. 18 U.S.C.A. § 3742 (West 1985 & Supp. 1996); United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990). A three-level reduction is available under section 3E1.1(b) to a defendant who (1) timely provides complete information to the government about his own involvement in the offense, or (2) timely notifies the government that he intends to plead guilty, thus saving the government the effort of trial preparation and also saving the court's time.

Teesateskie argues on appeal that his initial statements entitle him to a reduction because he provided complete information about his offense involvement. However, Teesateskie's initial explanation about shooting his gun in the air, was not a complete, or even truthful, account of the incident. In the alternative, Teesateskie contends that his notice of his intent to plead guilty was timely because it still had value for the government. Any guilty plea, no matter when offered, has some value to the government. The question is not of value, but of timeliness. The commentary to section 3E1.1 states that conduct qualifying a defendant for the additional level "will occur particularly early in the case," and "at a sufficiently early point in the process so that the government may avoid preparing for trial." U.S.S.G. § 3E1.1, comment. (n.6). Teesateskie's decision to plead, coming at the time of jury selection, clearly was not early enough in the process to relieve the government of its burden of preparing for trial. Thus, the district court did not clearly err in finding that Teesateskie failed to qualify for a three-level adjustment.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court
and argument would not aid the decisional process.

AFFIRMED

4